FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


TIPHANI NI, AKA Ping Ni,

        Plaintiff - Appellant,

v.

ROYAL BUSINESS BANK OF LOS ANGELES, a California corporation as successor in interest to First Asian Bank of Las Vegas, a Nevada corporation,

        Defendant - Appellee.

No. 13-56018

D.C. No. 2:13-cv-00605-R-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted June 4, 2015[**]
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before:     **KOZINSKI** and **CALLAHAN**, Circuit Judges, and **SINGLETON**,*** Senior District Judge.

**1.**  Ni argues we should apply Nevada law to her claims, but she doesn't explain why applying Nevada law "will further the interests of [Nevada]," so we apply the law of the forum state, California.  See CRS Recovery, Inc. v. Laxton, 600 F.3d 1138, 1142 (9th Cir. 2010).

**2.**  The Bank can't be held liable for Tsai's actions as respondeat superior because Ni failed to allege facts establishing that Tsai's conduct was "typical of or broadly incident to" the Bank's business.  See Mary M. v. City of L.A., 814 P.2d 1341, 1344 (Cal. 1991) (internal quotation marks omitted).  Though Tsai's job at the bank may have "set the stage for [the] misconduct," that is insufficient to impose respondeat superior liability.  See Lisa M. v. Henry Mayo Newhall Mem'l Hosp., 907 P.2d 358, 367 (Cal. 1995).

**3.**  The Bank can't be held liable for Tsai's actions on an agency theory because even if Tsai was the Bank's agent, Ni doesn't allege facts showing Tsai acted within his "actual or ostensible authority" in running the fraudulent scheme. See Van't Rood v. Cnty. of Santa Clara, 6 Cal. Rptr. 3d 746, 765 (Ct. App. 2003).

***     The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Indeed, Ni's Complaint does not allege that the Bank "intentionally or by want of ordinary care" sanctioned Tsai's conduct.  <u>See</u> <u>Young</u> v. <u>Horizon W., Inc.</u>, 163 Cal. Rptr. 3d 704, 713 (Ct. App. 2013).

**4.**  Ni's Complaint also doesn't allege sufficient facts to support her negligent hiring claim.  It contains nothing more than "[t]hreadbare recitals of the elements" of that claim, which "do not suffice."  <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009).

**AFFIRMED.**